PHILIP MICHELS (Bar No. 57802) JIN N. LEW (Bar No. 136578)
**LAW OFFICES OF MICHELS & LEW**
11755 Wilshire Blvd., Suite 1300
Los Angeles, California 90025-1540
Telephone:  (310) 444-1200
Facsimile:  (310) 444-1211
pmichels@michels-lew.com
jlew@michels-lew.com

Attorneys for Plaintiff

**FILED**
CLERK, U.S. DISTRICT COURT

August 30, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CMJ___ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M.B, a minor, by and through his guardian ad litem, RAEGAN BROWN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED IMAGING OF GARDENA (answered as UNITED MEDICAL IMAGING HEALTHCARE, INC); UNITED MEDICAL IMAGING, INC. RICHARD C. SHIN, M.D. AND DOES 1 THROUGH 20, INCLUSIVE<br><br>Defendants. | Case No.  2:21cv01683RSWL(AFMx)<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

## Jurisdiction

1. This Court has original jurisdiction under:

   (a)   The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

   (b)   The Court's supplemental jurisdiction. 28 U.S.C. § 1367.

2. The plaintiff is L.M.B, a minor, by and through his guardian ad litem, Raegan Brown.  L.M.B. and Raegan Brown reside in Lawndale, California, which is within the Central District of California.

3. South Bay Family Health Care, located in Gardena, California, is a

F:\19-138\PLD\complaint-FAC docx

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

federally funded clinic under the Federally Supported Health Centers Assistance Act, and a deemed employee of the federal Public Health Service. 42 U.S.C. §§ 233(g), 254b. The United States of America is the proper defendant. 42 U.S.C. § 233(g)(1)(A). All references to "South Bay Family Health Care" include the United States.

4.     Lorna O'Campo-Tatal is an employee of South Bay Family Health Care and a deemed employee of the federal Public Health Service. 42 U.S.C. §§ 233(g), 254b. The United States of America is the proper defendant. 42 U.S.C. § 233(g)(1)(A). All references to "Lorna O'Campo-Tatal" include the United States.

5.     Pursuant to United States Code, Title 28, section 2675(a), the plaintiff presented a claim to the United States Department of Health & Human Services on May 12, 2020. The Department failed to make a final disposition of the claim within six months of its presentation. The plaintiff deems such failure to be a denial of the claim.

6.     Defendant Richard C. Shin, M.D., and Does 1 through 10, are, respectively, a private individual and his professional corporation or employer. This Court has supplemental jurisdiction over Defendant Richard C. Shin, M.D., and Does 1 through 10. 28 U.S.C. § 1367.

7.     Defendant United Imaging of Gardena (previously answered the complaint as United Medical Imaging Healthcare, Inc.), United Medical Imaging, Inc. and Does 11 through 20, are corporations with their principal places of business in California. This Court has supplemental jurisdiction over United Imaging of Gardena (previously answered the complaint as United Medical Imaging Healthcare, Inc.), United Medical Imaging, Inc.. and Does 11 through 20. 28 U.S.C. § 1367.

8.     The true names, identities and capacities, whether individual, associate, corporate or otherwise of defendants DOES 1 through 20 10 are unknown to plaintiff at this time, who therefore names these defendants by the fictitious

2

names.   When the true names and capacities of the fictitiously designated defendants are ascertained, plaintiff will amend this complaint to insert their true names, identities and capacities.  Plaintiff is informed and believes, and thereon alleges, that each of the defendants sued in this pleading as a DOE is responsible in some actionable manner for the events and happenings that legally caused the injuries and damages to the plaintiff.  This Court has supplemental jurisdiction over Does 1 through ~~20~~ 10.  28 U.S.C. § 1367.

## General Allegations

9.     Raegan Brown is the mother of L.M.B.  L.M.B. was born on December 18, 2018.

10.     At all times mentioned in this complaint the Lorna O'Campo-Tatal, Richard C. Shin, M.D., and Does 1 through 10, inclusive, held themselves out to the public and to Raegan Brown as surgeons, nurses, medical personnel or other health care professionals.

11.     At all times mentioned in this complaint defendants South Bay Family Health Care, United Imaging of Gardena (previously answered the complaint as United Medical Imaging Healthcare, Inc.), United Medical Imaging, Inc. and Does ~~11~~ 1 through ~~20~~ 10, held themselves out as corporations, partnerships, joint ventures or associations organized and existing under the laws of the State of California.

12.     At all relevant times, South Bay Family Health Care, United Imaging of Gardena (previously answered the complaint as United Medical Imaging Healthcare, Inc.), United Medical Imaging, Inc. ~~and Does 11 through 20~~, owned, operated, maintained, managed and otherwise engaged in providing medical, surgical, hospital, diagnostic, nursing and other care to the general public.  Their acts and omissions were done and performed (or failed to be done and performed) by and through their authorized agents and employees, all of whom were acting within the course, purpose and scope of their agency or employment.  South Bay

3

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Family Health Care, United Imaging of Gardena (previously answered the complaint as United Medical Imaging Healthcare, Inc.), United Medical Imaging, Inc. and Does 11 through 20, ratified the conduct of their agents and employees was ratified by the defendants.

13. South Bay Family Health Care, United Imaging of Gardena (previously answered the complaint as United Medical Imaging Healthcare, Inc.), United Medical Imaging, Inc. and Does 11 through 20, selected and assigned physicians and other health care professionals to care for and treat Raegan Brown and L.M.B., and through words or actions held those individuals out as their agents or employees, knowing and expecting the public and Raegan Brown (and through her, L.M.B), to rely upon those actions or words, and she did so rely. Those individuals were the ostensible agents of these defendants.

14. South Bay Family Health Care, United Imaging of Gardena (previously answered the complaint as United Medical Imaging Healthcare, Inc.), United Medical Imaging, Inc., Lorna O'Campo-Tatal, Richard C. Shin, M.D. and Does 1 through 20 10, held themselves out to the general public and Raegan Brown (and through her, L.M.B) as skilled professionals in the science of medicine, surgery, nursing, hospital care, medical attendant technicians, therapists and related care.

15. South Bay Family Health Care, United Imaging of Gardena (previously answered the complaint as United Medical Imaging Healthcare, Inc.), United Medical Imaging, Inc., Lorna O'Campo-Tatal, Richard C. Shin, M.D. and Does 11 1 through 20 10, held themselves out to the general public and Raegan Brown (and through her, L.M.B) as possessing that degree of knowledge and skill customarily possessed and exercised by other physicians, surgeons, nurses, technicians, therapists and hospital attendants engaged in the same or similar locality as that of defendants.

16. Each of the defendants sued in this complaint, whether by their actual

4

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

name or fictitious name, was the agent, alter ego, servant, joint venturer or employee of each other and of his or her co-defendants and was acting within the purpose and scope of their agency, venture, service or employment.  Each of the defendants, whether referred to by his or her or its actual name or fictitious name, when acting as a principal was negligent in the selection and hiring of each and every other co-defendant as an agent, servant or employee and furthermore expressly directed, consented to, approved, affirmed and ratified each and every action taken by the co-defendants.

**First Cause of Action**

17.    The plaintiff incorporates by reference Paragraphs 1 through 16 of this complaint.

18.    South Bay Family Health Care, Nurse Practitioner Lorna O'Campo-Tatal, United Medical Imaging (previously answered the complaint as United Medical Imaging Healthcare, Inc.), United Medical Imaging, Inc., Richard C. Shin, M.D, and Does 1 through ~~20~~ 10, agreed to perform and undertook to perform for Raegan Brown and L.M.B. all services necessary in the prenatal, perinatal, and labor and delivery phase of plaintiff's care which included, but were not limited to, examinations, ultrasounds, tests, evaluations, and diagnosis.  In so doing, those individuals and entities established physician-, nurse-, hospital-, or healthcare provider-patient relationships with Raegan Brown and L.M.B.  Those individuals and entities each had a duty to Raegan Brown and L.M.B. to provide skillful management of their prenatal, perinatal, and obstetrical care.

19.    South Bay Family Health Care, Nurse Practitioner Lorna O'Campo-Tatal, United Medical Imaging (previously answered the complaint as United Medical Imaging Healthcare, Inc.), United Medical Imaging, Inc., Richard C. Shin, M.D, and Does 1 through ~~20~~ 10, failed to use reasonable care in their management of Raegan Brown's and L.M.B.'s prenatal, perinatal, and obstetrical care, including

5

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

but not limited to the negligent failure to provide, perform and conduct: appropriate and necessary evaluations examinations, ultrasound evaluations, tests, and failed to accurately and properly interpret imaging studies or order additional studies, during Raegan Brown's pregnancy with L.M.B., resulting in the failure to detect severe genetic abnormalities in the fetus.

20.   South Bay Family Health Care, Nurse Practitioner Lorna O'Campo-Tatal, United Medical Imaging (previously answered the complaint as United Medical Imaging Healthcare, Inc.) United Medical Imaging, Inc., Richard C. Shin, M.D, and Does 1 through 20 10, failed to use care within the accepted medical and nursing standards of care in the circumstances in their management of Raegan Brown's pregnancy and that of her unborn fetus, L.M.B.  These failures included, but are not limited to, failure to reasonably diagnose, inform, and warn Raegan Brown of the probable risk that L.M.B. would be born with significant genetic impairments and disabilities.

21.   South Bay Family Health Care, Nurse Practitioner Lorna O'Campo-Tatal, United Medical Imaging (previously answered the complaint as United Medical Imaging Healthcare, Inc.), United Medical Imaging, Inc., Richard C. Shin, M.D, and Does 1 through 20 10, failed to use reasonable care to perform timely and appropriate prenatal tests and evaluations and failed to advise Raegan Brown that L.M.B. would be born with genetic impairments or disabilities.

22.   If Raegan Brown had known of the risk of the genetic impairments and disabilities, she would not have carried the fetus to term.

23.   L.M.B. was born with severe genetic impairments and disabilities.

24.   The failure of South Bay Family Health Care, Nurse Practitioner Lorna O'Campo-Tatal, United Medical Imaging (previously answered the complaint as United Medical Imaging Healthcare, Inc.), United Medical Imaging, Inc., Richard C. Shin, M.D, and Does 1 through 20 10, to exercise reasonable care was a substantial factor in causing L.M.B. to have to pay and incur both past and future

6

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

extraordinary expenses for the care and treatment that he will require for his entire life, in an amount in excess of $20,000,000.

25.     As a legal result of the negligence of South Bay Family Health Care, Nurse Practitioner Lorna O'Campo-Tatal, United Medical Imaging (previously answered the complaint as United Medical Imaging Healthcare, Inc.), United Medical Imaging, Inc., Richard C. Shin, M.D, and Does 1 through 20 10, L.M.B. has been injured in his health, strength and activity, has suffered and will suffer severe physical and emotional injury, has incurred and will in the future incur extraordinary expenses for medical care, nursing care, attendant care, rehabilitation, physical and occupational therapy, speech therapy, educational therapy and related expenses, in an amount in excess of $20,000,000.

## Demand for Judgment

26.     Therefore, plaintiff L.M.B. demands judgment against the United States of America, United Medical Imaging (previously answered the complaint as United Medical Imaging Healthcare, Inc.), United Medical Imaging, Inc., Richard C. Shin, M.D, and Does 1 through 20 10:

       (a)    For special damages, in the amount of $20,000,000;

       (b)    Interest as permitted by law;

       (c)    Costs of suit;

       (d)    Any other and further relief as the Court deems just and proper.

Dated:  August 26, 2021           LAW OFFICES OF MICHELS & LEW

By: _____*/s/ Jin N. Lew*_____
        PHILIP MICHELS
        JIN N. LEW
        Attorneys for Plaintiff

(Demand for Jury Trial on Next Page)

7

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Demand for Jury Trial**

Plaintiff demands a jury trial.

Dated:  August 26, 2021                   LAW OFFICES OF MICHELS & LEW

                                          By:    /s/  Jin N. Lew
                                                 PHILIP MICHELS
                                                 JIN N. LEW
                                                 Attorneys for Plaintiff

8